Dorothy Speasl, Plaintiff-Appellant, v. The National Bank of Decatur, a Corporation, Defendant-Appellee.

Gen. No. 10,407.

Third District.

October 22, 1962.

Rehearing denied November 26, 1962.

 

Kenneth Kinser, of Decatur, for appellant.

Weilepp, Wilson & Dyar, of Decatur (Vernon H. Houchen, of counsel), for appellee.

CARROLL, J.

This is an appeal from a summary judgment for defendant in an action brought against it by one of the two persons named in a certain joint savings account to recover the amount thereof which was paid to the other joint depositor.

The facts are not in dispute. On November 7, 1953, the plaintiff, whose name then was Dorothy K. Stuhlmann, and her mother, Bertha A. Steiner, opened a savings account with defendant, The National Bank of Decatur. At that time plaintiff and Bertha A. Steiner signed a signature card and also signed an agreement with defendant relative to the said savings deposit. The signature card and agreement are as follows:

"Dorothy K. Stuhlmann or
Bertha D. Steiner

No. 34791

I hereby assent to the By-Laws, Rules and Regulations of the Savings Department of the National Bank of Decatur, Ill., . . . .

/s/ Dorothy K. Stuhlmann /s/ Bertha A. Steiner

"We hereby agree to the By-Laws, Rules and Regulations of this Bank, it is hereby expressly agreed with The National Bank of Decatur, Decatur, Illinois that all moneys deposited with said bank by either or both of the undersigned shall be

385

placed by said bank to the credit of us jointly, and may be withdrawn from, or paid out by said bank upon a request or order of Both or Either of us and upon the death of either of us, the survivor shall have the absolute right to withdraw or to be paid all moneys not then withdrawn. Subject to inheritance and estate tax laws. Date: 11–7–53

/s/ Dorothy K. Stuhlmann
/s/ Bertha A. Steiner"

Following that, a passbook naming both joint depositors was issued by defendant. The passbook contained certain rules and regulations governing savings deposits, including the following: "Money will be paid to the depositor only on the presentation of the passbook. . . . If you should lose or misplace this passbook, notify this bank in writing immediately." Thereafter deposits were made in said account from an escrow contract held by the bank under which monthly payments of $90 each were made to plaintiff and her mother. These monthly payments plus interest credited to the depositors are reflected by defendant's account ledger. At the bottom of each page of said ledger, there appears the following: "I (or we) hereby assent to the Bylaws, Rules and Regulations governing savings deposits of this bank . . . . My signature on this card opposite each withdrawal is an acknowledgement that the withdrawal and extended balance are correct." Opposite each ledger entry under the heading, "Withdrawer's Signature" a space was provided for the signature of the depositor making a withdrawal. On August 27, 1959, Bertha A. Steiner demanded that the balance then in the account be paid to her. She signed the account ledger as withdrawer and defendant thereupon paid over to her the balance then in the account, which was $7,039.96. At the time

386

said withdrawal was made the passbook was held by plaintiff and was not presented to the bank. On October 10, 1959, plaintiff appeared at the bank and withdrew the sum of $180 from the account, which represented the balance which had accumulated after the withdrawal of August 27, 1959. At that time plaintiff knew of the withdrawal made by Bertha A. Steiner on August 27, 1959. Thereafter and until June 10, 1961, plaintiff appeared at the bank from time to time and withdrew from said account each of the $90 monthly deposits made from the escrow account during that period. On the occasion of each of said withdrawals, plaintiff signed her name on the bank's ledger sheet in the space marked, "Withdrawer's Signature." Plaintiff deposited each withdrawal in a new account which she opened on October 9, 1959. The passbook itself is not included in the record and what entries were made therein, if any, are not disclosed. Bertha A. Steiner died on May 28, 1961 and on June 27, 1961, this action was instituted.

Plaintiff's theory in the trial court and likewise on this appeal is that in permitting Bertha A. Steiner to make the withdrawal of August 27, 1959 without presentation of the passbook, defendant breached its agreement with plaintiff and as a result is liable for the amount of the Steiner withdrawal.

■ ■ We think the solution of the problem presented in this appeal is to be found in the agreement between the parties and which appears to be plain and unambiguous. Whether the defendant failed in any duty to plaintiff depends on the provisions of such agreement. It is elementary that the agreement of the parties governs their rights thereunder unless the undertaking be contrary to some rule of positive law or offensive to public policy. The validity of the agreement being unquestioned, the parties thereto are bound by its terms.

Sec 2(a) Chap 76, Ill Rev Stats, 1959, provides as follows:

"When a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made";

Here the two persons in whose names the deposit was made signed an agreement with the bank under which the latter was expressly permitted to pay out all moneys deposited in the account upon request or order of both or either of the two depositors. When Bertha A. Steiner subsequently demanded and was paid the moneys then in the account, she signed a receipt therefor. It thus appears that insofar as the express agreement of the parties is concerned, the defendant in paying the moneys in the account as it did, breached no duty it owed to plaintiff. The law pertaining to the effect of an instrument such as that executed by the depositor and defendant in this case appears to be well settled. In Vol 5, ILP Banks, Sec 203, it is said: "Where a joint bank account is opened under an agreement that either of the signers of the deposit agreement may withdraw any or all of the money deposited in the account, the agreement is binding as between the owners of the account and the bank. Either of the signers of the agreement may withdraw any or all of the money deposited in the account, and

388

the other party to the agreement cannot recover from the bank the amount so withdrawn." Also see Vaughan v. Millikin Nat. Bank, 263 Ill App 301 and In re Estate of Schneider, 6 Ill2d 180, 127 NE2d 445.

Plaintiff argues, however, that the instrument the depositors executed in this case does not protect the bank from her claim because the passbook was not presented when her mother made the withdrawal on August 27, 1959. It is pointed out that the bank's rules and regulations governing savings deposits provided that money would be paid to a depositor only on presentation of the passbook; that by the signature card the joint depositors assented to such rules; and that the signature card and rules comprised the agreement between the bank and plaintiff. Plaintiff further contends that in such situation the withdrawal by one joint depositor without presenting the passbook renders the bank liable to the other depositor in a sum equal to such withdrawal. This agreement overlooks the important fact that in this case the joint depositors saw fit to enter into an express agreement with defendants under which the latter was authorized to pay the deposit to either plaintiff or her mother. The permission or authority thus granted was not limited so as to be effective only when the passbook was presented by one of the depositors. Whatever the rules and regulations of defendant may have provided with reference to production of the passbook when a depositor withdrew money, it did not deprive the parties of the right to expressly agree as to the conditions under which their joint deposit might be paid out by the defendant. Such right was exercised by the joint depositors and the defendant bank. As a result, the defendant in paying the amount of the disputed withdrawal, might rely upon the protection afforded it by the statute. A contrary conclusion would nullify the effect of such statute.

389

Plaintiff cites no Illinois case, but relies exclusively upon Badders v. Peoples Trust Co., 236 Ind 357, 140 NE2d 235. The facts in that case were substantially as follows: The plaintiff opened a savings account with the defendant and was issued a passbook upon which appeared the names, "Clinton S. Badders or Everett Badders or survivor." Below the names appeared the following: "This book must be presented when money is deposited or withdrawn and semiannually for interest entries. Subject to the rules and regulations of this bank." Among the rules contained in the book was the following: "A savings account is not subject to check and the passbook must be presented when withdrawals are made." Everett withdrew the amount of the account without presenting the passbook. Clinton's demand for the money in the account was refused and he brought suit against the bank and Everett Badders. The defendants filed separate demurrers to the complaint. The bank urged as grounds an Indiana statute which provides as follows: "When a deposit is made in any bank or trust company in the names of two persons payable to either or the survivor, such deposit or any part thereof or any interest thereon may be paid to either of such persons whether the other be living or not and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to such bank or trust company for any payment so made." Everett contended that he was relieved of liability because the right to withdraw the deposit depended on contract and not ownership of the funds involved. The bank relied upon the statute. The lower court sustained the demurrers and the plaintiffs appealed. The Supreme Court reversed the cause with directions to overrule the demurrers. In substance the court ruled that the bank in that case was not relieved of liability under the Indiana Statute; that the rule requiring production of

the passbook was a part of the contract between the bank and the two joint depositors and that it could not be waived by the defendants and that the complaint stated a cause of action against the defendant bank.

We think the distinction between the situation in the Badders case and that presented in the case at bar is readily discernible. Under the Illinois statute the receipt or acquittance of one of two joint depositors who is paid the money in a joint account relieves the bank of liability where both depositors enter into an express agreement with the bank when the account is opened, authorizing such payment. No such provision is found in the Indiana law and the record shows no agreement in the Badders case such as that executed by plaintiff and her codepositor. Whether in the absence of such an express agreement in this case the defendant bank would be liable is not the problem which we are called upon to solve. The facts are that both depositors, with full knowledge of and assenting to all the rules of the bank, expressly agreed that the receipt or acquittance of either for money paid to either of them from the account would discharge the bank from liability for any payment so made. The parties had the right to stipulate as to the terms upon which the bank might lawfully pay out moneys in the joint account even though at variance with the rules printed in the passbook. They saw fit to exercise such right. That this was their intention is evidenced by the conduct of the plaintiff subsequent to the Steiner withdrawal. We perceive no basis for holding their agreement invalid.

■ We have carefully examined all the authorities cited by defendant and find that in most instances the point at issue was the right of the surviving depositor to the balance in a joint savings account where possession of the passbook was maintained by the decedent at the time of his or her death. Here the ownership of the funds in a joint account is not involved

391

and hence the cases cited shed little if any light on the question we are called upon to decide. However, in these cases, the court appears to have uniformly held that as between joint depositors possession of the passbook is immaterial as the possession of one is for the benefit of both. Landretto v. First Trust and Sav. Bank, 333 Ill 442, 164 NE 836; Illinois Trust and Sav. Bank v. Van Vlack, 310 Ill 185, 141 NE 546; Cuilini v. Northern Trust Co., 335 Ill App 86, 80 NE2d 275.

█ In view of the conclusion reached, we deem it unnecessary to deal separately with the numerous other points raised in the brief. However, we feel that there is one situation reflected by the record which deserves comment. Plaintiff asserts that she became aware of the alleged wrongful withdrawal on October 9, 1959. Her mother was then living. On that date plaintiff withdrew the balance then in the joint account and deposited such withdrawal in a new account, which she thereupon opened with the defendant. Thereafter and through June 10, 1961, plaintiff appeared at the bank periodically and withdrew all deposits made in said account, which amounted to a total of $1,980. On the occasion of each withdrawal, she signed the ledger sheet acknowledging that the balance in the account was correct. It is not indicated that at any time during all of said period of 20 months plaintiff questioned the accuracy of the joint account. If as she alleges in this action, the withdrawal of August 7, 1959, was in violation of her agreement with the bank and the balance in the account on October 9, 1959, was incorrect, then it was her duty to disaffirm the payment made to her mother and we think her failure to do so within a reasonable time amounted to a ratification of the bank's action. Certainly plaintiff's long and unexplained delay in taking action against the bank mitigates, to say the least, against any claim that her conduct is entitled to be character-

ized as a timely assertion of her alleged rights. Kores Carbon Paper & Ribbons Mfg. Co. v. Western Office Supply Co., 349 Ill App 208, 110 NE2d 461; 7 Am Jur Banks, Sec 462. If, as asserted in her brief plaintiff "did not remain silent" after discovering the alleged wrongful withdrawal, it would seem reasonable to expect the record to disclose the affirmative action which she took. No such disclosure has been made. We think that under these circumstances the failure of the plaintiff to question the correctness of the account for such an unreasonable length of time must be construed as her ratification of the bank's action in making the payment now questioned.

For the reasons stated, the judgment of the Circuit Court of Macon County is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.