KEOKUK SAVINGS BANK & TRUST Co., an Iowa corporation, plaintiff, v. REA DESVAUX, defendant-appellant, and NELL B. HAGERMAN, defendant-appellee.

No. 51992.

JUNE 14, 1966.

REHEARING DENIED SEPTEMBER 19, 1966.

Robert Johnson of Johnson, Phelan & Tucker, of Fort Madison, and J. Andy Zenge, Jr., of Canton, Missouri, for defendant-appellant.

J. A. Concannon of Boyd, Walker & Concannon, of Keokuk, and Craig Hiller, of Kahoka, Missouri, for defendant-appellee.

Robert B. Dickey of Smiths' & Dickey, of Keokuk, for plaintiff.

THORNTON, J.—This is an action for declaratory relief by plaintiff-bank interpleading two depositors.

The stipulated facts are, that on July 3, 1959, James R. Bridges established a joint and survivorship savings account in plaintiff savings bank with the names, James R. Bridges or Rea Desvaux in the sum of $7372.84. A savings account passbook representing account No. 14771 was issued in the above names. The passbook contained rules of the bank in part as follows:

"1. On making the first deposit, the depositor shall be required to subscribe to the rules of the bank. * * *

"6. The depositor must present the passbook in person, or send it with a written order for the payment of the money."

At the same time a signature card was signed, in pertinent part, as follows:

"* * * The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

Following the above, the signature card contained a provision requiring two signatures to effect a withdrawal. This was not signed.

The bank's ledger card shows the initial deposit, one withdrawal, interest credited and one deposit of $3000 made by appellant Rea Desvaux of money she received from James R. Bridges for the return of a deed to real property he had previously given her. The balance in the account on June 7, 1962, was $10,467.28. On November 14, 1962, defendant-appellee Nell B. Hagerman appeared at the bank with a letter dated November 10, 1962, signed by James R. Bridges, in pertinent part as follows:

"My certificate for the amount of ten thousand five hundred dollars has disappeared from my possession and please change it to 'James R. Bridges or Nell B. Hagerman.' Thanks."

Another signature card identical with the previous one was signed by James R. Bridges and Nell B. Hagerman, again a provision for two signatures was not signed. The new account was No. 15635 dated "Nov. —, 1962." And James R. Bridges signed a receipt on a form provided by the bank for $10,467.48. The receipt in print provided "and charge to passbook No." The account No. 14771 was typed in as was the following, "Transferred to new account without presentation of passbook." The sum of $10,624.49 was transferred to the new account. As stated on the receipt, the transfer from the old to the new account was accomplished without production of the savings passbook. In January 1963 James R. Bridges died at the age of 99. Appellant through her attorney made demand on plaintiff, presented the

passbook together with a written order that the account be delivered to her attorney, plaintiff refused and started this action.

Plaintiff prayed defendants be restrained from withdrawing the funds of $10,624.49 or in the alternative plaintiff hold the funds or pay them into court. It was stipulated with court approval the funds were to remain on deposit with plaintiff.

Plaintiff further prayed the court to declare the rights of each of the defendants to the funds and enter a judgment adjudicating which of these defendants was entitled to the funds and bar and foreclose the claim of the other defendant to said funds and hold plaintiff harmless from further liability to either defendant upon payment of said funds and interest.

Appellant filed an answer wherein she contends the provisions of the signature card are subject to the rules in the passbook and because the passbook was not presented in accord with the rules in the passbook and posted in the bank she is entitled to judgment for the funds. As far as the record here shows, defendant-appellee Hagerman did not file a pleading in the trial court. The case was tried on the theory she contended the funds were transferred in accord with the signature card creating a joint tenancy authorizing the withdrawal on the order of either and presentation of the passbook was unnecessary.

The trial court held that under the terms of the signature card James R. Bridges had the right to withdraw the funds and having done so and placed the funds in a new account with appellee Nell B. Hagerman as joint tenant she is now the owner of the funds.

The principal contention of appellant here is the trial court was in error in not construing the signature card and the rule or bylaw requiring the presentation of the passbook together.

Appellee on the other hand contends the specific agreement in the signature card authorizing the withdrawal on the order of either entered into with knowledge of the bylaw is controlling.

The question presented is one of first impression in this court. The question is, is the passbook rule a part of the contract between the bank and joint depositors? We think it is.

In prior cases, In re Estate of Winkler, 232 Iowa 930, 5 N.W.2d 153, McManis v. Keokuk Savings Bank & Trust Co.,

239 Iowa 1105, 33 N.W.2d 410, and Hill v. Havens, 242 Iowa 920, 48 N.W.2d 870, we have considered signature cards identical with the one under consideration here; in In re Estate of Murdoch, 238 Iowa 898, 29 N.W.2d 177, one of similar import. In Hill, supra, at pages 929, 930 of 242 Iowa, page 876 of 48 N.W.2d, we said:

"It is now the settled law in Iowa that when a definite written agreement, such as we have here, is made by a depositary bank with its customers, that such agreement is binding upon the bank and the parties signatory, and if it is clear in its terms and meaning it cannot be changed by parol evidence. The contract is that the bank will, in consideration of the deposit of funds with it and the creation of a debtor-creditor relation between itself and its depositors, consider them as owners in joint tenancy with right of survivorship, and not as tenants in common; and that upon the death of either depositor any balance in the account shall become the absolute property of the survivor. Language more definite, more explicit, could hardly be devised."

As is clear from the quoted statement, in each of the above we were considering the rights of the survivor, not the right of one living joint tenant to withdraw as against another. We did not have under consideration that part of the signature card as follows, "The entire account or any part thereof may be withdrawn by, or upon the order of, either of us * * *.", alone or in connection with a bylaw in the passbook and posted in the bank which required the depositor to present the passbook in person or send it with a written order for the payment of money. Here we do have.

In In re Estate of Winkler, supra, an application in probate by a surviving joint tenant to require the administrator of the deceased joint tenant to surrender the bankbook to the applicant, we stated at page 934 of 232 Iowa, page 155 of 5 N.W.2d: "* * *, that the possession of one would be the possession of both, * * * the possession of the deposit or the book evidencing the deposit of either joint tenant was the possession of the other, and it would be immaterial as to who held the actual manual custody."

In Winkler it was of course clear the surviving joint tenant was entitled to the possession of the bankbook and the deposit. The question there was the ownership of the account which was determined by the joint tenancy agreement. That it was immaterial who had actual possession of the passbook to determine ownership does not mean a withdrawal could be made without the passbook if the agreement so provided. However, if appellee's position here is sound, the surviving joint tenant would not have needed the bankbook to obtain the deposit. The signature cards are identical. The passbook would only be evidence to sustain the survivor's claim to the deposit.

If we give full effect to Winkler, supra, not only would the possession of the passbook not affect the right of the other but "the possession of the deposit" by one was the possession of the other. Inherent in the quoted statement from Winkler, supra, is that withdrawal and possession of the deposit does not terminate the rights of the other joint tenant.

In In re Estate of Miller, 248 Iowa 19, 22, 23, 79 N.W.2d 315, we point out the rules of construction in determining whether a joint tenancy has been created in real and personal property are the same. In the same case at page 24 of 248 Iowa we said the arrangement was clearly not irrevocable in holding it was not an advancement. The arrangement was debentures purchased by a father payable to him or his son, "either one or the survivor", due at stated dates. The debentures were thus payable to either of the named payees. The question of how they would be revocable was not reached. Of course, it could be revoked by agreement. A joint tenancy in real property may be severed by the conveyance of his interest by one of the joint tenants. His purchaser is a tenant in common with the remaining joint tenant. See discussion in both majority and dissenting opinions in In re Estate of Baker, 247 Iowa 1380, 78 N.W.2d 863, 64 A. L. R.2d 902. It is also true the appellant here became vested with an interest when the joint account was created. Perkins v. City National Bank of Clinton, 253 Iowa 922, 933, 114 N.W.2d 45; and In re Estate of Lenders, 247 Iowa 1205, 1219, 78 N.W.2d 536. She had the same right to withdraw funds as James R. Bridges. If full effect is given appellee's theory and Speasl v. The National Bank of Decatur, 37 Ill.

App.2d 384, 186 N.E.2d 84, as urged by her, the appellant would have been able to have withdrawn the full amount of the deposit the day after it was made, converted the same to her own use and have been in no way accountable to James R. Bridges.

Section 528.64, Code, 1962, provides, "When a deposit shall hereafter be made in any bank or trust company in the names of two persons, payable to either, or payable to either or the survivor, such deposit, or any part thereof, or interest or dividend thereon, may be paid to either of said persons whether the other be living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank, banker, or trust company for any payment so made."

■ "This is a statute for the protection of a depository bank. It does not establish the ownership of funds on deposit." Perkins v. City National Bank of Clinton, 253 Iowa 922, 932, 114 N.W.2d 45, 51.

■ The rights of joint tenants must be determined from their agreement. Here as a part of the same transaction, opening the account, they accepted a passbook containing a rule relating to withdrawals from the account and signed a signature card stating the funds or any part thereof may be withdrawn by or upon the order of either. The rule stated the depositors must present the passbook in person or send it with a written order for the payment of money. If both are given effect it would be necessary for the passbook to be presented by the withdrawing joint tenant if in person, otherwise with the order of one, nothing further.

The rules required the depositors to subscribe to the rules in making the first deposit. There is no evidence they actually signed anything to this effect or that such a place was supplied, but "subscribe" also means "assent" to, see Webster's Third New International Dictionary.

The rules of the bank are authorized by statute. Section 526.19 in part provides, "* * * deposits shall be paid * * * under such regulations as the board of directors shall, from time to time, prescribe, * * *." They must be conspicuously exposed in the bank and may not be altered in a way which

affects the rights of depositors previously acquired. Section 526.20.

James R. Bridges undoubtedly referred to the passbook when he stated in his letter, "My certificate * * * has disappeared from my possession." This would have been unnecessary without the rule. The same is true of the typed portion of the receipt, "Transferred to new account without presentation of passbook." The record does not show who prepared this receipt for James R. Bridges' signature. It was either the bank, Doctor Bridges or someone on his behalf, there is no direct evidence on the point but the only inference to be drawn from the stipulation is appellant did not.

Concerning bank rules adopted pursuant to the above section we said in Andrew v. Union Savings Bank & Trust Co., 222 Iowa 881, 887, 270 N.W. 465, 468, "Claimants had actual knowledge of the rules and regulations. They were bound by these rules, and likewise the bank was bound."

The following authorities, Griffin v. Centreville Savings Bank, 93 R. I. 47, 171 A.2d 204; Davis v. Chittenden County Trust Co., 115 Vt. 349, 61 A.2d 553; Mercantile Savings Bank v. Appler, 151 Md. 571, 135 A. 373; LaValley v. Pere Marquette Employes' Credit Union, 342 Mich. 639, 70 N.W.2d 798; Badders v. Peoples Trust Co., 236 Ind. 357, 140 N.E.2d 235, 62 A. L. R.2d 1103, and annotation, 62 A. L. R.2d 1109, hold the rules in the passbook are part of the deposit contract. They all deal with joint accounts and in each case, actions against the bank, the bank was held liable for breach of contract for money paid out to the joint depositors without presentation of the passbook.

In each of these cases it is clear each of the joint depositors had the right to withdraw funds upon presentation of the passbook. In none of them is a signature card similar to the one before us considered or discussed.

The only case considering a signature card similar to the one we have here is Speasl v. National Bank of Decatur, 37 Ill. App.2d 384, 386, 186 N.E.2d 84, 85, relied on by appellee and the trial court. In Speasl a mother and daughter signed a signature card, in part, providing, "may be withdrawn from, or paid out by said bank upon request or order of Both or Either

of us." They were issued a passbook containing the following, "Money will be paid to the depositor only on the presentation of the passbook." A statement was signed assenting to the rules. Deposits of $90 per month were made to the joint account from an escrow contract held by the bank. The source of or ownership of the funds does not otherwise appear. After the account had been open some six years and in August of 1959 the mother then withdrew the balance of some $7000 in the account without presentation of the passbook. The plaintiff became aware of this withdrawal in October 1959, and then each month thereafter until June of 1961 withdrew the $90 monthly deposits and placed them in a new account. Each month she signed the ledger acknowledging the balance in the account was correct. After her mother's death she started the action in June of 1961. Her theory of recovery was the defendant-bank breached its contract with her by allowing the withdrawal without the passbook, and as a result was liable for the amount withdrawn by her mother. The Illinois Appellate Court considered a statute similar to our section 528.64 and the express agreement contained in the signature card, and said on page 391 of 37 Ill. App.2d:

"The facts are that both depositors, with full knowledge of and assenting to all the rules of the bank, expressly agreed that the receipt or acquittance of either for money paid to either of them from the account would discharge the bank from liability for any payment so made. The parties had the right to stipulate as to the terms upon which the bank might lawfully pay out moneys in the joint account even though at variance with the rules printed in the passbook. They saw fit to exercise such right. That this was their intention is evidenced by the conduct of the plaintiff subsequent to the Steiner withdrawal. We perceive no basis for holding their agreement invalid."

In this case we have no course of conduct showing an assent to withdrawals without the passbook. No reason appears from the signing of the signature card furnished by the bank for saying the joint depositors thereby agreed to a manner of withdrawal at variance with the rules printed in the passbook. Certainly there is nothing in the language of the signature card

that negatives the use of the book in effecting withdrawals. Both the rules and the signature card are prepared by the bank. Why would the bank present inconsistent ways to withdraw funds? Both could easily be followed. Likewise the bank could if it wished enlarge its obligation under section 528.64 as pointed out in Badders v. Peoples Trust Company, 236 Ind. 357, 140 N.E.2d 235, 62 A. L. R.2d 1103. Here the bank has not paid out the funds, it recognizes its position and interpleads the claimants.

We see no reason why the depositors did not have a right to rely on the rules in the passbook as well as the signature card. From what has been said above it is clear that on November 14, 1962, James R. Bridges was entitled to possession of the passbook to make a withdrawal for the purpose of revoking the joint tenancy if he wished. Appellant could not have successfully maintained a refusal to deliver the passbook for that purpose. See annotations, 161 A. L. R. 71 and 77 A. L. R. 799; Bricker v. Krimer, 13 N. Y.2d 22, 241 N. Y. S.2d 413, 191 N.E.2d 795; In re Estate of Gray, 27 Wis.2d 204, 133 N.W.2d 816; Frans v. Young, 24 Iowa 375; and Martin v. Fritz, 194 Iowa 740, 750, 190 N.W. 514.

None of this changes the rule printed in the passbook requiring the production of the passbook to effect a withdrawal. All parties assented thereto, the bank and the two depositors. Appellant was entitled to rely thereon to protect whatever interest she had in the joint property. Until the book was presented there could be no withdrawal. Both the bank and Doctor Bridges would breach the contract as to appellant by such a withdrawal, as to her the withdrawal should be held void.

The case is reversed and remanded for a decree holding the withdrawal ineffectual and declaring the appellant the owner of the funds under the survivorship provisions of the joint tenancy agreement between James R. Bridges and her.—Reversed and remanded.

All JUSTICES concur.