E. CLARENCE LERBAKKEN, ADMINISTRATOR
OF ESTATE OF ELEANOR H. LERBAKKEN,
v. TWIN CITY FEDERAL SAVINGS
AND LOAN ASSOCIATION.

230 N. W. 2d 596.

June 6, 1975—No. 45243.

*James B. Lund,* for appellant.

*Mackall, Crounse & Moore* and *Connor F. Schmid,* for respondent.

Heard before Rogosheske, Yetka, and Scott, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

This appeal arises out of plaintiff's unsuccessful efforts to recover the balance of two savings accounts deposited by plaintiff's wife prior to her death and which defendant, shortly after her death, paid out to Ida Knutson, decedent's sister, on her application for withdrawal as the named sole beneficiary of both accounts and on defendant's waiver of its contractual requirement that "no withdrawal will be allowed from this account without the presentation of the passbook." At the close of plaintiff's evidence before a jury, the court directed a verdict for defendant. In response to plaintiff's blended post-trial motion for judgment n. o. v. or a new trial following an extraordinary and extensive post-trial discovery by which plaintiff sought proof to support vague claims of forgery, fraud, and misrepresentation based on newly discovered evidence, the court denied the motion and plaintiff appeals. Since the record compels a conclusion that defendant did not violate its contractual obligations in permitting with-

drawal by the named beneficiary, and that plaintiff has wholly failed to establish any claim for relief, we affirm.

The relevant facts are undisputed. Plaintiff, E. Clarence Lerbakken, is the surviving spouse of Eleanor H. Lerbakken, who, at the time of her death on May 23, 1972, maintained two savings accounts then totaling $9,408.48 in defendant association. The first account, a Totten trust in the amount of $10,000, was opened on May 28, 1970, about 8 months after she and plaintiff married, each for the second time. It represented the proceeds of the sale of decedent's house where she had lived with her first husband. She opened the account in plaintiff's presence by signing a card entitled "ORDER FOR TRUST ACCOUNT" designating herself as trustee and her sister, Ida Knutson, as beneficiary upon her death. The card set forth the terms of the deposit contract and expressly provided:

"It is understood that no withdrawal will be allowed from this account without the presentation of the passbook; provided, however, that Twin City Federal Savings and Loan Association shall have the right, in its discretion, to waive this requirement."

The second account, a joint tenancy account in the amount of $250, was opened by decedent on July 24, 1970. Plaintiff was again present when she signed a card entitled "ORDER FOR JOINT TENANCY ACCOUNT" which set forth the terms of the deposit contract and again named her sister as joint tenant. Her sister some time thereafter also signed the joint tenancy account card. The card included a withdrawal provision identical to that contained in the Totten trust account. Decedent kept the passbooks in her possession and made all deposits and withdrawals, always accompanied by plaintiff. On her death, the Totten trust account showed a balance of $2,000 and the joint tenancy account, to which had been transferred a large part of the trust account, a balance of $7,408.48. On June 16, 1972, defendant closed out both accounts by payment of the balances plus accrued interest to Ida Knutson upon her written request accompanied by a death

certificate and her unsworn, signed statement to an affidavit form supplied by defendant that the passbooks were lost, she being unable to locate them after diligent inquiry and search. Thereafter, on June 19, plaintiff presented the passbooks to defendant and orally requested payment. He was shown the letters from Ida Knutson requesting payment and was informed that payment by check had been mailed to her at Fairmont, North Dakota, on June 16. Some time later, Ida Knutson paid plaintiff the trust account balance of $2,000 upon his representation that the amount had been left in that account to cover decedent's burial expenses. After plaintiff was appointed administrator of decedent's estate on October 10, 1972, he again orally requested payment from defendant and was refused. Plaintiff at no time gave written notice or request to defendant not to permit withdrawals from the accounts.

Although the theory of recovery advanced by plaintiff in his complaint at trial and upon this appeal is not clear, the thrust of his argument appears to be that defendant breached its contractual obligations by payment to the named beneficiary when he, as the representative of decedent's estate, had possession of the passbooks. As plaintiff has received the $2,000 trust account amount from Ida Knutson, thereby negating any conceivable basis to hold defendant liable to him for that amount, we address ourselves only to his claim to recover the joint tenancy account.

Plaintiff's argument ignores the express provisions of the deposit contract and the protection afforded defendant by Minn. St. 51A.26. The joint tenancy account card signed by decedent and Ida Knutson together with the passbook, and the provisions which they set forth and incorporate by reference,[1] constitute the deposit contract between the depositor and the savings association. Keokuk Sav. Bank & Trust Co. v. Desvaux, 259 Iowa 387, 143 N. W. 2d 296 (1966); Speasl v. National Bank of Decatur, 37 Ill. App. 2d 384, 186 N. E. 2d 84 (1962); In re

[1] Including the rules and regulations of the Federal Savings and Loan System, 12 CFR Parts 541 to 556 (1974).

Estate of Smith, 199 Kan. 89, 427 P. 2d 443 (1967). Apart from the requirement to present the passbook, payment by defendant to Ida Knutson was made in full compliance with the terms of the deposit contract. As a contracting party and surviving joint tenant account owner, she was the only person entitled to withdraw any part or all of the account, and her acknowledgement of receipt of payment by endorsement of defendant's check released and discharged defendant from its contractual liability to the joint tenants. Rules and Regs. of Fed. Sav. & Loan System, § 545.2(c), 12 CFR § 545.2(c) (1974). The necessity of her presenting the passbook to receive the balance of the deposit was waived by the association upon her furnishing proof of death of the joint owner and her statement that she had made diligent search for the passbook, was unable to locate it, and that it was lost. The parties by contract agreed that presentation of the passbook is required in making withdrawals but that the defendant may in its discretion waive the requirement. Nothing in this record suggests that application of the waiver provision, guarded as it was by defendant's precautionary requirements to establish surviving ownership rights to payment, would justify the imposition of double liability upon defendant. See, Brooks v. Erie County Sav. Bank, 169 App. Div. 73, 154 N. Y. S. 692 (1915), affirmed, 224 N. Y. 639, 121 N. E. 857 (1918). The cases cited by plaintiff are not in point, as none of them involves a deposit contract provision expressly reserving to the savings institution the right to waive passbook presentation. As the trial court observed, liability of Ida Knutson, of course, was not litigated in this proceeding.

Defendant has the additional protection afforded by Minn. St. 51A.26. The statute provides in essence that a savings association may pay monies held in joint account to the order of the surviving joint tenant; that the opening of such an account is conclusive evidence of the intent of the parties to vest title in the survivor; and that in the absence of written instructions from a party directing the association not to permit withdrawals,

such payment discharges the association from liability for any monies so paid. While the provisions of § 51A.26 do not address the narrow question of the propriety of permitting withdrawals without a passbook, they do evince a legislative policy to protect savings associations in cases where payment is made to a joint tenant before notice is received of the claim of a representative of the estate or, possibly, of a notice by the surviving spouse to elect to treat the joint tenancy deposit as testamentary pursuant to Minn. St. 525.213. See, In re Estate of Jeruzal, 269 Minn. 183, 130 N. W. 2d 473 (1964); Rutchick v. Salute, 288 Minn. 258, 179 N. W. 2d 607 (1970).

Upon this record, the trial court properly directed a verdict for defendant and denied a new trial.

Affirmed.