DIANE ANDRZEJEWSKI, Plaintiff-Appellant, *v.* FIRST STATE BANK & TRUST COMPANY OF HANOVER PARK, Defendant-Appellee.

First District (2nd Division)    No. 79-812

Opinion filed June 17, 1980.

Samuel Alfassa, of Chicago, for appellant.

Peter L. Regas, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Diane Andrzejewski, brought this action to recover funds allegedly wrongfully disbursed from her joint tenancy savings account by defendant, First State Bank & Trust Company of Hanover Park (the Bank). The circuit court of Cook County entered summary judgment in favor of the Bank. Plaintiff appeals, contending summary judgment was inappropriate because there is a genuine issue of material fact and the Bank failed to show it was entitled to judgment as a matter of law.

Plaintiff and her husband, as joint tenants, opened a passbook savings account with the Bank. On July 5, 1977, plaintiff appeared at the Bank and made an oral request for the funds in the account ($2814.32). Because plaintiff did not present the passbook for the account, the Bank refused to give her the funds. Plaintiff however, explained that her passbook had been lost or stolen. She was instructed to sign an affidavit to that effect and to make a written demand for the funds, which she did. Plaintiff was told that a "hold" would be placed on the account for 30 days.

At this point, the parties' versions of the occurrence diverge. In an affidavit submitted in response to the Bank's motion for summary judgment, plaintiff avers that the Bank informed her the account would be frozen for the 30-day period and no withdrawals or deposits could be made by her or anyone else during that time, even with the passbook. Plaintiff claims she was advised that she would receive the money in 30 days, that no one else could receive the money, and that the account was closed and the money was hers but she had to wait 30 days to receive it.

An affidavit by the Bank employee concerned, however, tells a different story. The employee avers that she told plaintiff a "hold" would be placed on the account for 30 days and no withdrawals could be made without the passbook, but the "hold" would be taken off if the passbook were found. The Bank employee (and other Bank employees) further averred that plaintiff never mentioned any marital problems or requested the Bank not to release the money on deposit to her husband, the joint tenant on the account. The Bank did not ask for the signature of the joint tenant on the affidavit plaintiff submitted in lieu of her passbook.

Thirty days later, on August 5, 1977, plaintiff came to the Bank and requested payment of the money in the account. After signing another affidavit (because the Bank could not locate her previous affidavit), she received a check for the sum in the account. But a few days later, plaintiff was called back to the Bank and informed that the Bank had erred in

*issuing* her the check. On August 4, prior to the expiration of the 30-day period, plaintiff's husband had presented the passbook and withdrawn all the funds on deposit. Because the Bank's computer system takes 24 hours to reflect the previous day's transactions, it appeared that the funds were still in the account when plaintiff requested payment on August 5. The Bank stopped payment on the check to plaintiff when she refused to return it.

Obviously there is a genuine issue of fact in the case at bar as to the exact content of the conversation between plaintiff and the Bank's employee when plaintiff initially sought to withdraw the funds on deposit in her account. Only if that matter was not material and the Bank was entitled to judgment as a matter of law would summary judgment have been appropriate. Ill. Rev. Stat. 1977, ch. 110, par. 57.

■█ The Bank contends that whatever plaintiff was told by the Bank's employee is immaterial under the terms of the deposit agreement between the parties, and inadmissible under the parol evidence rule. The latter contention is easily disposed of, as "it is unanimously agreed that the parol evidence rule applies to prior expressions, and has no application to an agreement made subsequent to the writing" (J. Calamari & J. Perillo, Contracts §40, at 77 (1970)), such as subsequent oral modifications or waivers.

■█ As to the terms of the agreement between the parties, it is undisputed that under the contract and by statute (Ill. Rev. Stat. 1977, ch. 76, par. 2(a)) the Bank was generally entitled to pay either joint tenant, without liability to the other. It is also undisputed that the Bank could require 30 days' notice prior to any withdrawal. The parties further agreed that withdrawals could only be made upon written order and presentation of a passbook, although the Bank reserved the right to pay on proof the passbook had been stolen, lost or destroyed, and we note the Bank's rules do provide that "the account shall be closed" if the depositor has so notified the Bank in writing. Nevertheless, even if the Bank was permitted to pay the other joint tenant under the terms of its agreement with plaintiff, a question remains as to whether the Bank waived or should be estopped from relying on those terms by its representations to plaintiff. On that question, the content of the Bank employee's statements to plaintiff, on which plaintiff allegedly relied in not taking other, possibly judicial action to prevent her husband from emptying the account, is material. Because this material fact is in dispute, summary judgment should not have been rendered.

The Bank cites *Landretto v. First Trust & Savings Bank* (1928), 333 Ill. 442, 164 N.E. 836, and *Speasil v. National Bank* (1962), 37 Ill. App. 2d 384, 186 N.E.2d 84, but there is nothing in these cases precluding

application of the principles of waiver and estoppel to bank deposit agreements as with any other contract. If anything, *Landretto* supports the opposite conclusion. (333 Ill. 442, 449-50.) While plaintiff in the case at bar did not inform the Bank of her marital difficulties or request that payment not be made to her husband, she did follow the Bank's procedures and, in her version of the occurrence, relied on the Bank's statements that the account was closed and the money in the account was hers, only 30 days hence. Whether or not the Bank could have paid the joint tenant under the terms of the deposit agreement without being liable, a question on which we express no opinion, there remain issues of law and facts which preclude summary judgment.

Accordingly, the judgment of the trial court in favor of the Bank is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

PERLIN, P. J., and HARTMAN, J., concur.