**ACKLEY STATE BANK, Appellant,**

**Claude Pitrat, Trustee,**

v.

**Robert THIELKE, Appellee.**

**No. 89–2275.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1990.

Decided Dec. 3, 1990.

Michael M. Pedersen, Waterloo, Iowa, for appellant.

Stanley Marshall, Ackley, Iowa, for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.
1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

McMILLIAN, Circuit Judge.

Ackley State Bank (the Bank) appeals from a final order entered in the United States District Court[1] for the Northern District of Iowa, affirming the Bankruptcy Court's[2] determination that Samuel Thielke (Samuel) did not have a present vested interest in certain joint bank accounts (accounts), with his uncle, Robert Thielke (Robert), and consequently the bank could not set off Samuel's defaulted loans with the Bank against the accounts. For reversal, the Bank argues that the district court erred in (1) holding that Samuel had no present vested interest in the accounts, (2) allowing the introduction of parol evidence to vary the terms of the written agreement between the Bank and Robert, and (3) holding that the Bank was not entitled to set off the unpaid debts against the joint accounts. For the reasons discussed below, we affirm the order of the district court.

FACTS

From December 14, 1982, to November 4, 1986, Robert, with his own funds, opened a savings account, six certificates of deposit, and a checking account with the Bank. The savings account and the certificates of deposit exceeded the Federal Deposit Insurance Corporation (FDIC) protection limit of $100,000.00.

Based on a discussion about the FDIC limit of protection on savings accounts with Delbert Harken, the Bank's vice-president and cashier, Robert added Samuel's name to his savings and certificate of deposit accounts. The sole name on the checking account was that of Robert. Samuel, however, was not aware that his name had been placed on the accounts, nor was his signature on any of the signature cards pertaining to said accounts. Robert maintained sole control of the savings passbook as well as the certificates of deposit. All contributions to the accounts were made by

2. The Honorable William L. Edmonds, United States Bankruptcy Judge for the Northern District of Iowa.

Robert, and the interest payments were sent directly to Robert's home in Ackley, Iowa. Robert reported the interest income for tax purposes.

On February 10, 1987, Samuel filed a bankruptcy petition in the United States Bankruptcy Court for the District of Arizona. On October 10, 1987, the bankruptcy court in Arizona transferred the case to the United States Bankruptcy Court for the Northern District of Iowa. Samuel had borrowed money from the Bank and had executed several notes prior to filing for bankruptcy. The bankruptcy trustee, claiming that the accounts were part of the bankruptcy estate, directed the Bank to freeze all accounts in which Samuel was listed as a joint tenant. The Bank sought to set off the notes it was holding from Samuel against the funds in Robert's accounts.

On March 27, 1987, Robert initiated an adversary proceeding to obtain a declaration that Samuel owned no present vested interest in either the certificates of deposit or the savings account. After a full trial the bankruptcy court held that, although Robert and Samuel were joint tenants in the accounts, Samuel had no present vested interest in the funds, and the accounts were not part of the bankruptcy estate. The bankruptcy court went on to hold that the Bank had no right to set off Samuel's notes against Robert's accounts. Applying Iowa law, the bankruptcy court held that each joint tenant is presumed to own an equal share in joint accounts, but the presumption could be rebutted by clear and convincing evidence to the contrary. The bankruptcy court held that there was clear and convincing evidence that Robert and Samuel did not own equal shares of the accounts.

The Bank appealed; the bankruptcy trustee did not appeal. The District Court for the Northern District of Iowa affirmed the bankruptcy court. This appeal followed.

PRESENT VESTED INTEREST IN THE ACCOUNTS

The Bank argues that the district court erred in holding that Samuel had no present vested interest in Robert's accounts. The Bank contends that the district court correctly found that the accounts were "joint accounts," but failed to correctly define the rights of the parties in joint accounts. Specifically, the Bank argues that the Iowa Supreme Court has, after a long struggle with gift, trust, joint tenancy and contract theory, adopted the contract theory to define the rights of the parties holding joint accounts.

The Bank claims that, under the contract theory, the joint tenants in the account possess two different rights: the first and most essential right is the one that arises at the creation of the account, namely the "right to withdraw" the entire or any part of the funds in the accounts; the second right is the "right of survivorship" in the account. According to the Bank, the joint tenants' rights of survivorship are dependent upon the existence of rights during their lifetime. The Bank contends that, under the contract theory, there is no right of survivorship where there has not also been created a vested present interest in the account during the lifetime of the joint tenants. Hence, the Bank argues that the district court erred in holding that it is possible to have joint accounts where there is a right to survivorship, but no present vested interest.

Robert argues that the district court's decision was correct because Iowa law does not hold that equal lifetime interests by the joint tenants are essential to joint tenancy ownership. Robert contends that there is only a rebuttable presumption that the joint tenants own equal shares during their lifetime. *Frederick v. Shorman*, 259 Iowa 1050, 147 N.W.2d 478, 482 (1966).

Robert argues that under Iowa law a joint tenancy bank account may exist without both tenants having equal withdrawal rights. In support of his position, Robert cites *Keokuk Savings Bank & Trust Co. v. Desvaux*, 259 Iowa 387, 143 N.W.2d 296 (1966), where the court held that, as between themselves, parties to a joint tenancy bank account are restricted by the terms of the deposit agreement with respect to withdrawal rights. For example, if the de-

posit agreement requires presentation of a passbook, and one of the joint tenants retains sole possession of the passbook, the other joint tenant has no right of withdrawal. *Id.* at 298–302. Thus, Robert argues that Samuel had no present right under the depository agreements to make withdrawals, because Samuel did not have possession of the certificates or of the passbook, nor did he sign the signature cards for the savings accounts. Robert also maintains that, in *Anderson v. Iowa Dept't of Human Services*, 368 N.W.2d 104 (Iowa 1985) (*Anderson*), the court addressed the question whether joint tenants could establish that one of the joint tenants was not intended to have a lifetime interest. The court held that, during their lifetimes, the true interest of the joint tenants in a bank account can be ascertained and that joint tenants are entitled to establish their true intent as to whether a joint tenant had any lifetime ownership interest. *Id.* at 109–10.

■ We give substantial weight to district judges and bankruptcy judges in interpreting state law. *E.g., Grenz Super Valu v. Fix*, 566 F.2d 614, 615 (8th Cir.1977). While we are not bound by the interpretation, our role is not to reach our own construction of state law, but rather to review that court's determination. *Parkerson v. Carrouth*, 782 F.2d 1449, 1451–52 (8th Cir. 1986). Such interpretations will not be reversed in the absence of clear error or an abuse of discretion. *Perkins v. Clark Equipment Co.*, 823 F.2d 207, 209 (8th Cir.1987), *quoting Brown & Root, Inc. v. Hempstead County Sand & Gravel, Inc.*, 767 F.2d 464, 469 (8th Cir.1985).

■ We hold that the district court did not err in holding that Samuel had no present vested interest in the accounts. The Bank's contention is that, under Iowa's contract theory of joint tenancy bank accounts, it is impossible to create a joint tenancy bank account with a right of survivorship without also giving each joint tenant an equal lifetime interest in the funds. The Bank's reliance on the contract theory is misplaced. When survivorship rights are at issue, Iowa has followed the contract theory in holding that survivorship rights

cannot be rebutted by extrinsic evidence absent fraud, duress, mistake, or a confidential relationship. *See, e.g., In re Estate of Roehlke*, 231 N.W.2d 26, 28 (Iowa 1975). However, the contract theory as adopted in Iowa allows extrinsic evidence to be used to establish the rights of joint tenants during their lifetime as opposed to survivorship rights. *Anderson*, 368 N.W.2d at 109.

INTRODUCTION OF PAROL EVIDENCE

Next, the Bank argues the district court improperly allowed the introduction of parol evidence to vary the terms of the written deposit agreements between the Bank and Robert. The Bank contends that the district court misapplied the *Anderson* case and failed to recognize that whenever a joint bank account is created there are two separate relationships involved, one relationship between the bank and its depositors, and another relationship between the depositors themselves. The Bank distinguishes the *Anderson* case on the grounds that in that case the relationship between the bank and the depositors was not in issue.

The Bank argues that, while joint bank accounts are analogous to joint tenancy, they do not have all the incidents of joint tenancy. The Bank argues the presumptions are not the same in joint bank accounts as they are in joint tenancy in real property. The Bank maintains that, unlike a joint tenancy in real property in which a joint owner has no right to convey any more than his or her own actual interest in the joint property, in a bank account a joint owner has the right to immediately withdraw the entire account.

■ We hold the district court did not err in looking to extrinsic evidence to ascertain the respective lifetime interests of the joint tenants in the bank accounts. A tenant is presumed to own equal shares in the joint bank account; however, this presumption is rebuttable. *See Anderson*, 368 N.W.2d at 109. Because the deposit agreements did not address the respective life interests in the accounts, it was proper to examine extrinsic evidence to ascertain Robert's intent at the time he added Sam-

uel's name to the accounts. *See In re Estate of Miller*, 248 Iowa 19, 79 N.W.2d 315, 319 (1956).

## SUFFICIENCY OF THE EVIDENCE OF INTENT

The Bank concedes that a presumption that property is held in joint tenancy may be overcome by evidence showing a different intention or tending to prove that the character of the property was other than joint property. Assuming extrinsic evidence of intent is admissible, the Bank argues that the evidence against joint ownership was not clear and convincing.

We also hold that the district court did not err in holding that Robert's intent not to confer a present ownership interest in the accounts to Samuel was established by clear and convincing evidence. The record shows that Samuel was not aware of the existence of the accounts; he did not execute the signature cards, nor did he possess the passbook or certificates of deposit. Samuel did not make any contribution of funds to the accounts and he did not receive any of the interest payments or report the interest income in his tax returns.

## SET OFF RIGHTS AGAINST THE JOINT ACCOUNTS.

Because we agree with the district court that Samuel did not possess a present vested interest in the accounts, we need not reach this issue.

Accordingly, the order of the district court is affirmed.